# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| MICHAEL BEHR,<br><br>    Plaintiff,<br><br>v.<br><br>USAA SAVINGS BANK,<br><br>    Defendant. | Civil Case No.: _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Behr ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, USAA Savings Bank ("Defendant"), alleging as follows:

### INTRODUCTION

1. Plaintiff brings this action on behalf of himself, individually, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

2. The TCPA was legislated to prevent companies like USAA Savings Bank from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us

up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Montana pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

5. Plaintiff is a natural person residing in Gallatin County, in the city of Bozeman, MT, and is *sui juris*.

6. Defendant is a consumer finance institution, doing business in the state of Montana, with its principal place of business located in Las Vegas, Nevada. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

7. At all times and events relevant to this Complaint, Defendant USAA Savings Bank has acted through its agents, employees, officers, members, directors, heirs, successors, assignees, corporate affiliates, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking to collect on alleged debts incurred through purchases made on credit issued by Defendant, USAA Savings Bank.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (406) XXX-6542.

10. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (800) 531-0378 and (800) 531-8722.

11. Upon information and belief based on the volume, frequency and timing of the calls and Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

13. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On or about May 13, 2019, Plaintiff called Defendant's company at phone number (800) 531-8722, spoke to three agents of Defendant, one who identified herself as "Pam" and the other who identified himself as "Jonathan," and a third who identified himself as "Jay," and requested that Defendant cease calling Plaintiff's cellular telephone.

17. During the May 13, 2019 conversation, Plaintiff gave Defendant his full member number, pin number, phone password and telephone number in order to assist Defendant in identifying Plaintiff and accessing his accounts before asking Defendant to stop calling his cellular telephone as to all of his accounts with Defendant. Defendant's representative acknowledged Plaintiff's request.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on May 13, 2019.

19. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff after May 13, 2019.

20. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff, Defendant continued to place at least one hundred eleven (111) telephone calls with an automatic telephone dialing system to Plaintiff's cellular telephone.

21. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had no ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Michael Behr, respectfully requests judgment be entered against Defendant, USAA Savings Bank, as follows:

    a.    Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred eleven (111) for a fifty-five thousand ($55,500.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Michael Behr, respectfully requests judgment be entered against Defendant, USAA Savings Bank, as follows:

    a.    Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: one hundred eleven (111) for a total of one hundred sixty-six thousand five hundred dollars ($166,500.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: September 17, 2019.

RESPECTFULLY SUBMITTED,

By: */s/ Nik Geranios*
    Nik G. Geranios
    Bar ID No. 4379
    Geranios Law, PLLC
    120 Hickory Street, Suite B
    Missoula, MT 59801
    Tel. 406-541-3565
    Fax 866-473-8348
    Email: nik@geranioslaw.com
    *Attorney for Plaintiff, Michael Behr*

>By: ***/s/ Carlos C. Alsina***
>Carlos C. Alsina-Batista
>Texas Bar Number 24111072
>The Law Offices of Jeffrey Lohman, P.C
>4740 Green River Rd., Ste 310
>Corona, CA 92880
>T: (657) 363-3331/F: (657) 246-1311
>E: CarlosA@jlohman.com
>*Attorney for Plaintiff, Michael Behr*
>*Pro Hac Vice* application to follow